### PENNINGTON v. CASTLEMAN.

The 2nd article of the statute of limitations, (R. C. 1835, p. 393–4,) does not embrace actions of covenant, consequently the limitation of ten years is not a good plea to an action of covenant, brought upon a sealed instrument of writing for the payment of money. The limitation of twenty years, however, is a good plea. and is embraced within the provisions of the 2nd section of 4th article of the act.

Error to Lincoln county.

#### S. T. Glover for Plaintiff in Error.

1st. The action was well brought on the writing sued on; covenant lies on it. 1 Chitty's Pl. 131, 2 and 3. 2nd. T. Com. 120. 1 Bibb 383. 2 Jacob Law Dic. 118.

2d. The breaches in each count of the declaration are well assigned, being in the words of the covenant. 1 Chitty Pl. 408–9. Ib. 365. 2 Tuck. Com. 125. 4 Mo. Dec. 221–2.

3d. Previous to the 4th year of James 1st there was no limitation in England, to actions on sealed instruments, though a presumption of payment arose after twenty years. See Stat. 21. Jac. 1 c. 16. as given in 4 Bacon's abrig. 470. 1 Bal. lim. 86, 78.

4th. Nothing less than twenty years time could have affected this action in England previous to the 4th James 1st, and so the law remains unless changed by the new code, 1834–5.

5th. That law cannot upon any principle of just construction change the law. See Rev. Code 1834–5, p. 393. Ib. 396. 7 Kent's Com. 460–1–2. 1 Selwyn N. P. p. 520.

#### C. Wells for Defendant.

1st. The statute of limitations is a good plea to an action of covenant brought on such a writing. See 2 Cranch p. 336. 2 Robinson's practice 251.

2d. The second count is liable to the same objections.

JUNE TERM
1840.

Pennington
vs.
Castleman.

*Opinion of the Court delivered by M'Girk Judge.*

Pennington brought an action of covenant against Castle-man on a sealed instrument for the payment of money, for about the sum of 837 dollars. There are two counts in the declaration. The defendant pleaded, first, *non est factum;* 2d. limitation of ten years; two pleas of payment: issues were taken on the 1st, 3rd and 4th pleas. The plaintiff demurred to the second plea of the statute of limitations; the the court overruled the plaintiffs demurrer, held the plea good, and gave judgment against the plaintiff. The cause is brought here by a writ of error. The point insisted on, by the counsel for the plaintiff in error, is that the court erred in overruling the demurrer to the second plea. His argument is, that the statute of limitations contains no limitations of the action of covenant for the payment of money, or any thing else; and not being within the words of the act, there is no reason in equity, policy. or justice, why the supposed spirit of the act should be resorted to, to embrace the action of covenant. On the other side it is contended, that the action of covenant, when founded on a sealed instrument for the payment of money, is as much within the meaning and spirit of the act, as it would be if it had been expressly named in the act. I will proceed to examine the matter of law contained in this proposition. By the 1st sect. of the 2nd art. of 1235, entitled, limitation of actions, R. C. 393, it is enacted thus: The following actions shall be commenced within ten years, after the cause of such action accrued and not after, 1st. all actions of debt founded on any writing, whether sealed or unsealed. 2nd, actions of assumpsit, founded on any writing for the direct payment of money. The statute then goes on to limit nearly all other actions of a personal nature, having before limited ejectment, but it no where limits or says one word about actions of covenant, neither when the covenant is for work, or acts to be done, nor where the covenant is for the payment of money. Hence, it is insisted, by the counsel, that the action of covenant, not being named in the words of the act, is not within its equity. Castleman's counsel insists there can be no reason assigned, why the legislature would

The 2d art. of the statute of limitations (R. C. 1c35, p. 393–4,) does not embrace actions of covenant; consequently the limitation of ten years is not a good plea to an action of covenant, brought upon a sealed instrument of writing for the payment of money.— The limitation of twenty years, however, is a good

wish to leave unlimited actions of covenant, especially when
actions of debt on like instruments are limited, To this
argument it may well be said, that there is no very satisfac-
tory features in the form or substance of the act, to induce
a court to believe that the legislature did intend to embrace
in it, covenant; but, on the contrary, they use words to
evince a contrary intent.   It is an established rule, that all
acts, made in *pari materia*, are to be taken together as if
they were one law.   Bac. Ab. 382.   It is also laid down in
page 381, that the general enacting words, in one clause of
a statute, may be restrained by the particular words in a
subsequent clause of the same statute ; and then again, in
the same page it is said, that if the particular thing be given,
or limited, in the preceding part of a statute, this shall not
be taken away or altered by any subsequent general words
of the same statute.   In this case, the 2nd and 4th art. are
not only found in the same statute, but they are on the
same subject, which is to fix the time for bringing actions on
sealed instruments.   The second sect. of the 4th art. de-
clares that every sealed instrument of writing for the pay-
ment of money, shall be presumed to be paid and satisfied
after the expiration of twenty years from the time such ac-
tion shall accrue.   But this presumption may be repelled,
&c.   In the first place, why the legislature should limit the
action of debt on a bond to ten years, and then still allow
the party to sue after the ten years and within the twen-
ty is not easily seen; and how it can be supposed, that un-
der the name debt, the legislature intended to limit all ac-
tions, by whatever name they might be called, and still al-
low twenty years for the action on a sealed instrument, is
not easily seen; accordingly, in the 2nd sect. of the 4th art.
it is enacted, that every sealed instrument of writing, for the
payment of money, shall be presumed to be paid and satis-
fied after the expiration of twenty years; this shows, clear-
ly enough, that the legislature did not expect that the enact-
ment in the first part of the statute had barred all sorts of
actions on sealed writings for the payment of money in ten
years, otherwise they would hardly have attempted, by fu-
ture repugnant provisions, to fix the presumption of pay-

June Term
1840.

Pennington
vs.
Castleman.

plea, and is
embraced wi-
thin the pro-
visions of the
2d sect. of 4th
art. of the act.

R

JUNE TERM. 1840.

Pennington
vs.
Castleman.

ment on like papers at twenty years. From this view of the subject, I conclude, the counsel for Pennington is right in his interpretation of the law. It is argued that the word debt used in the 1st sect. of the 2nd art. is to be understood in its technical sense, as used by the statute. It is a rule, that when legal, or technical words are used in a statute, in that same sense they are to be understood. So here the act bars the action of debt founded on a sealed writing, then debt does not mean covenant too, merely because covenant as well as debt, will sometimes lie on the same instrument. I will leave the point as above discussed. The next point is whether the plaintiff could have judgment on this declaration. There are two counts in the declaration; the first of which is not well laid, but the last is without exception.— In page 470 R. C. sect. 4 it is enacted, that where there are several counts in a declaration, and entire damages are given, the verdict shall be good, notwithstanding one or more such counts may be defective. In this case the plaintiffs declaration is good as to the last count, and would, if he had a verdict, entitled him to judgment; much more is it good as it stands now, where the bad count may be stricken out; there is therefore no objection to the declaration. Because the court below over ruled the plaintiffs demurrer to the defendants plea of the statute of limitations, the judgment of that court is reversed, and the cause remanded for a new trial.